UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
**F I L E D**

AUG 15 2012

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                      INDICTMENT NO. . <u>7:12-cr-00006-S-ART</u>

TEDDY ELSWICK,
WILLA ELSWICK,
MACKIE BRANHAM,
BRENDA SILCOX,
GREGORY HACKNEY,
    aka MOONPIE,
LUTHER BAKER,
RENY WRIGHT,
JUSTIN BLACKBURN, and
WILLIAM WYATT

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>
21 U.S.C. § 846

On or about a day in April 2010, the exact date unknown, and continuing through on or about February 9, 2012, in Pike County, in the Eastern District of Kentucky, and elsewhere,

TEDDY ELSWICK,
WILLA ELSWICK,
MACKIE BRANHAM,
BRENDA SILCOX,
GREGORY HACKNEY,
aka MOONPIE,
LUTHER BAKER,
RENY WRIGHT,
JUSTIN BLACKBURN, and

**WILLIAM WYATT**

did conspire together and with others to knowingly and intentionally distribute Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

### COUNT 2
### 21 U.S.C. § 841
### 18 U.S.C. § 2

On or about April 19, 2010, in Pike County, in the Eastern District of Kentucky,

**BRENDA SILCOX,**

aided and abetted by another, did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C. § 2.

### COUNT 3
### 21 U.S.C. § 841
### 18 U.S.C. § 2

On or about May 12, 2010, in Pike County, in the Eastern District of Kentucky,

**BRENDA SILCOX,**

aided and abetted by another, did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C.§ 841(a)(1) and18 U.S.C. § 2.

### COUNT 4
### 21 U.S.C. § 841
### 18 U.S.C. § 2

On or about May 27, 2010, in Pike County, in the Eastern District of Kentucky,

**BRENDA SILCOX,**

aided and abetted by another, did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C. § 2.

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about June 14, 2010, in Pike County, in the Eastern District of Kentucky,

### JUSTIN BLACKBURN

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about June 21, 2010, in Pike County, in the Eastern District of Kentucky,

### JUSTIN BLACKBURN

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
## 21 U.S.C. § 841(a)(1)

On or about June 28, 2010, in Pike County, in the Eastern District of Kentucky,

### JUSTIN BLACKBURN

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 8
## 21 U.S.C. § 841(a)(1)

On or about November 10, 2010, in Pike County, in the Eastern District of

Kentucky,

### RENY WRIGHT

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 9
### 21 U.S.C. § 841
### 18 U.S.C. § 2

On or about December 13, 2010, in Pike County, in the Eastern District of Kentucky,

### LUTHER BAKER and
### RENY WRIGHT,

aided and abetted by one another, did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### COUNT 10
### 21 U.S.C. § 841(a)(1)

On or about January 5, 2011, in Pike County, in the Eastern District of Kentucky,

### LUTHER BAKER

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 11
### 21 U.S.C. § 841(a)(1)

On or about March 9, 2011, in Pike County, in the Eastern District of Kentucky,

### GREGORY HACKNEY,
### aka MOONPIE,

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 12
### 21 U.S.C. § 841(a)(1)

On or about April 25, 2011, in Pike County, in the Eastern District of Kentucky,

**RENY WRIGHT**

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 13
### 21 U.S.C. § 841(a)(1)

On or about May 13, 2011, in Pike County, in the Eastern District of Kentucky,

**TEDDY ELSWICK**

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 14
### 21 U.S.C. § 841(a)(1)

On or about June 22, 2011, in Pike County, in the Eastern District of Kentucky,

**GREGORY HACKNEY,**
**aka MOONPIE,**

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 15
### 21 U.S.C. § 841
### 18 U.S.C. § 2

On or about August 1, 2011, in Pike County, in the Eastern District of Kentucky,

**TEDDY ELSWICK and**
**WILLA ELSWICK,**

aided and abetted by one another, did knowingly and intentionally distribute a quantity of

pills containing oxycodone, a Schedule II controlled substance, all in violation of

21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

## COUNT 16
## 21 U.S.C. § 841
## 18 U.S.C. § 2

On or about October 31, 2011, in Pike County, in the Eastern District of Kentucky,

**TEDDY ELSWICK and**
**WILLA ELSWICK,**

aided and abetted by one another, did knowingly and intentionally distribute a quantity of

pills containing oxycodone, a Schedule II controlled substance, all in violation of

21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNT 17
## 21 U.S.C. § 841(a)(1)

On or about January 11, 2012, in Pike County, in the Eastern District of Kentucky,

**RENY WRIGHT**

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a

Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 18
## 21 U.S.C. § 841(a)(1)

On or about January 23, 2012, in Pike County, in the Eastern District of Kentucky,

**TEDDY ELSWICK**

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a

Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 19
## 21 U.S.C. § 841(a)(1)

On or about February 6, 2012, in Pike County, in the Eastern District of Kentucky,

### MACKIE BRANHAM

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 20
## 21 U.S.C. § 841(a)(1)

On or about February 6, 2012, in Pike County, in the Eastern District of Kentucky,

### TEDDY ELSWICK

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 21
## 21 U.S.C. § 841(a)(1)

On or about February 7, 2012, in Pike County, in the Eastern District of Kentucky,

### RENY WRIGHT

did knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 22
## 21 U.S.C. § 841(a)(1)

On or about February 9, 2012, in Pike County, in the Eastern District of Kentucky,

### RENY WRIGHT

did knowingly and intentionally possess with intent to distribute a quantity of pills

containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 23
## 21 U.S.C. § 841(a)(1)

On or about February 9, 2012, in Pike County, in the Eastern District of Kentucky,

**MACKIE BRANHAM**

did knowingly and intentionally possess with intent to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 24
## 21 U.S.C. § 841(a)(1)

On or about February 9, 2012, in Pike County, in the Eastern District of Kentucky,

**TEDDY ELSWICK**

did knowingly and intentionally possess with intent to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853

In committing the felony offenses alleged above, each being punishable by imprisonment for more than one year, **TEDDY ELSWICK, WILLA ELSWICK, RENY WRIGHT, and MACKIE BRANHAM** used, or intended to use, the below-described property to commit or facilitate the said controlled substance violations, and the below-described property constitutes and is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. §§ 841

and 846, including, but not limited to, the following:

**CURRENCY:**

1) $76,486.00 seized from Mackie Branham;

2) $4,889.00 seized Teddy Elswick and Willa Elswick;

3) $20,000.00 seized from a bank lock box in the name of Teddy Elswick and Willa Elswick;

4) $1,288.00 seized from Reny Wright.

**PERSONAL PROPERTY:**

2012 Chevrolet Silverado 1500, VIN #3GCPKTE72CG181991.

**FIREARMS:**

Seized from Mackie Branham:
1) Taurus .45 cal PT 745 C Serial #NYD 77091;
2) Glock 23, .40 cal semi-automatic, Serial #ADZ264;
3) Hi-point .40 cal semi-automatic, Serial #725796.
4) All associated ammunition

By virtue of the commission of the felony offenses charged above, any and all interest **TEDDY ELSWICK, WILLA ELSWICK, RENY WRIGHT, and MACKIE BRANHAM** have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

If any of the property listed above, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property in which the above defendant has an interest in, up to the value of the currency described above.

_____
KERRY B. HARVEY
UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1–24:**   **First Offense:**  Not more than 20 years imprisonment, $1,000,000 fine, and at least 3 years supervised release.

**If prior felony drug conviction:**  Not more than 30 years imprisonment, $2,000,000.00 fine, and at least 6 years supervised release.

**PLUS:**   Forfeiture of listed assets.

**PLUS:**   Mandatory special assessment of $100 per felony count.