UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:12-CR-06-KKC-9

UNITED STATES OF AMERICA,                                                            PLAINTIFF,

V.                                     **RECOMMENDED DISPOSITION**

WILLIAM WYATT,                                                                           DEFENDANT.

The defendant, William Wyatt, appeared before the undersigned for a final revocation hearing on charges of having violated the conditions of supervised release.  He was present for the proceeding and represented by counsel.  At the hearing, he was found to be competent to proceed and, after being placed under oath, waived his rights to remain silent and rights to a full revocation hearing. In addition, after being informed of the charges and possible penalties, he provided a factual basis and entered a plea of guilty to violations 1 and 3. His waivers were determined to be knowing, intelligent and voluntary.  Therefore, the undersigned recommends that the Court grant the government's motion to dismiss Violation 2, and further recommends that Wyatt be found guilty of violations 1 and 3, and sentenced to a term of 8 months of incarceration after which he should be released with no further supervision to follow.

**FACTUAL BACKGROUND**

On April 9, 2013, William Wyatt appeared for sentencing following his guilty plea to a violation of 21 U.S.C. § 846: Conspiracy to Distribute Schedule II Controlled Substances. He was sentenced to 91 months imprisonment, with five years of supervised release to follow. He was released from custody on March 26, 2018, to begin service of his five-year term of supervised release, which is scheduled to expire on March 25, 2023.

On April 1, 2022, Wyatt's supervision was transferred to the Eastern District of Michigan after a relocation investigation was conducted and has been supervised in Michigan since being transferred.

On August 17, 2022, his supervising officer from Michigan forwarded a report outlining alleged violations of supervision, forming the basis of the present matter. Then, on November 1, 2022, Wyatt appeared before the undersigned. In exchange for an agreement with the United States to move for dismissal of Violation #2, Wyatt offered a knowing, intelligent and voluntary plea of guilty to the following violations:

**Violation #1**

**Supervised Release Condition: The defendant shall not commit another federal, state or local crime.**

On August 9, 2022, Wyatt was arrested by the Ohio State Highway Patrol and charged with the Operating Vehicle Under the Influence of Alcohol or Drugs-Ohio Revised Code §§ 4511.19(A)(1)(a) and 4511.19(A)(1)(d), both are classified as misdemeanors. At the time of his arrest, Wyatt was in possession of gabapentin, considered to be a dangerous drug, without a valid prescription. **This is a Grade C violation.**

**Violation #3**

**Special Condition #1: The defendant shall abstain from the use of alcohol.**

As noted in Violation #1, Wyatt was charged with an OVI involving the use of alcohol. On August 19, 2022, he was interviewed, via telephone, and admitted to drinking "a few beers" on the date of his arrest. During the final hearing in the case, Wyatt admitted to drinking alcohol in violation of the conditions of his supervision. **This, also, is a Grade C violation.**

## RECOMMENDED SENTENCE

The United States now asks for a sentence of eight months imprisonment with one year of supervision to follow, modifying the conditions of his supervision to include a period of inpatient treatment with outpatient follow-up. Wyatt asks the Court to consider imposing a sentence of six months of imprisonment with no additional supervision to follow.

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## **II.**

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Wyatt was born in Michigan and resided there until the age of 23, when he moved to Elkhorn City, Kentucky. He maintained a good relationship with his siblings, and his mother, until the time of her passing. His Criminal History Category of VI is primarily representative of drug related conduct. He was gainfully employed from 1997 to 2009 in the construction industry, but reports no other gainful employment. He was incarcerated on the charges underlying his current convictions from 2013 to 2018. His convictions in the underlying case are due to his participation and involvement in drug trafficking in eastern Kentucky between 2010 and 2012, and his relevant conduct was determined to involve between 1,000 and 3,000 kilograms of marijuana equivalency.

## **III.**

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>(B) to afford adequate deterrence to criminal conduct;
>(C) to protect the public from further crimes of the defendant; and
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In this action, the most serious violation is a Grade C Violation. Considering the severity of the violations in combination with his criminal history category of VI, the United States Sentencing Guidelines recommend a sentence of imprisonment of 8-14 months of incarceration. The maximum period of incarceration allowed under 18 U.S.C. § 3583(e)(3) is 24 months with no maximum term of supervised release that can be reimposed.

In fashioning a recommendation in the case, the Court considers the information above, the lack of any prior violation conduct by Wyatt, the fact that his supervision was scheduled to expire on March 25, 2023, the nature and circumstances of his current violations, and his criminal history category of VI. Additionally, the Court finds no reason to justify a downward departure from the guideline recommendation, and believes a sentence within the guidelines to be appropriate, considering all the information available. However, the undersigned does not see the necessity of imposing additional supervision in this case, as Wyatt has had the benefit of most services available from the United States Probation Office, and has been violation free for the majority of his supervision.

## **CONCLUSION**

As previously stated, the facts upon which the Court recommends finding that the Defendant committed Violations 1 and 3 as established by his own admission, and therefore have been proven by a preponderance of the evidence. For the reasons previously stated, the undersigned recommends:

(1) That the Defendant be found guilty of Violations 1 and 3;

(2) That upon motion of the United States, Violation 2 should be dismissed;

(3) That his supervision be REVOKED;

(4) That William Wyatt be sentenced to a term of 8 months incarceration with no supervision to follow.

(5) That upon a waiver filed into the record **WITHIN TEN DAYS** evidencing Wyatt's knowing, intelligent and voluntary relinquishment of his right of allocation in this action, his supervision should be revoked, and he be sentenced.

(6) If Wyatt desires to exercise his right of allocution, the matter should be scheduled for a final hearing before Judge Karen Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed November 07, 2022.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge